UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

CLARENCE R. LOGUE, JR.,         )
                                )
    Plaintiff,                  )
                                )
v.                              )   Case No. CV410-240
                                )
DOCTOR DERONDA PEARSON;         )
NURSE LORA BAKER; and PRIVATE   )
JOHNSON,                        )
                                )
    Defendants.                 )

## REPORT AND RECOMMENDATION

Doctor Deronda Pearson and Nurse Lora Baker, defendants in this 42 U.S.C. § 1983 deficient medical care case, have filed a motion to dismiss plaintiff's complaint based upon his failure to exhaust administrative remedies.[1] (Doc. 24.) For the following reasons, their motion should be granted.

---

[1] The Court **VACATES** its earlier order directing Logue to pay the Court's $350 filing fee after his transfer to Rutledge State Prison. (Doc. 30.) Even though Logue is proceeding under the § 1915(g) imminent danger exception to the three-strikes *in forma pauperis* bar, and his own complaint admissions show that he is no longer under imminent danger, it is generally accepted that once the exception has been invoked, it persists throughout the case despite any post-complaint changes in circumstances. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007); *cf. Chavis v. Chappius*, 618 F.3d 162, 169-170 (2d Cir. 2010) (citing *Andrews* for the proposition that § 1915(g) "concerns only a threshold procedural question"); *Bell v. Livingston*, 356 F. App'x 715, 716 (5th Cir. 2009) (citing *Andrews* and noting that the sole issue

Under 42 U.S.C. § 1997e(a), a prisoner *must* exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."); *see Cutter v. Wilkinson*, 544 U.S. 709, 723 n. 12 (2005) (RLUIPA claims are still subject to the PLRA's exhaustion requirement); *Logue v. Chatham Cnty. Det. Ctr.*, 152 F. App'x 781, 783 (11th Cir. 2005) (prisoners must exhaust their remedies prior to filing Equal Protection claims). This requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285–86 (11th Cir. 1999) (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)), *vacated*, 197 F.3d 1059, *reinstated in part*, 216 F.3d 970, 972 (11th Cir. 2000). Indeed, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Porter v. Nussle*,

---

under § 1915(g) is whether the plaintiff must pay the filing fee before filing or if he may wait until later to pay).

534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).

The PLRA, for that matter, "requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). That means plaintiff must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. *Id.* at 89-91 (citation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Id.* at 83-84; *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). And if a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, then he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

The Eleventh Circuit has held that a defense of failure to properly exhaust administrative remedies under the PLRA should be treated as a

3

Fed. R. Civ. P. 12 matter in abatement. *Bryant v. Rich*, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Hence, "the [exhaustion] defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter. As a result, deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant*, 530 F.3d at 1374). The Court initially "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F.3d at 1082. If, however, the complaint is not subject to dismissal through that first step, then the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

Here, defendants explain that the Chatham County Detention Center ("the jail") has established a grievance procedure comprised of several steps. (Doc. 24-2 at 4; doc. 24-1 at 2 (McArthur Holmes aff.).) The detainee first completes a grievance form which he gives to the wing officer. A supervisor or hub officer will address the grievance. If the

detainee isn't satisfied with the outcome, he may have the grievance forwarded to a unit sergeant who will try to resolve the issue. If the unit sergeant fails to address the matter to the detainee's satisfaction, the grievance is forwarded to the unit manager for final resolution. (Doc. 24-2 at 4; doc. 24-1 at 5-6 (Inmate Handbook section addressing jail's grievance procedure).) Defendants allege that Logue filed two grievances, numbered 10-10-0944-2 and 10-10-3373-1, but he failed to appeal either grievance to the unit manager in accord with the third step. (Doc. 24-2 at 4-5.)

In the first grievance, 10-10-944-2, Logue contended that he was denied his mental health medications and his reading glasses. (Doc. 24-1 at 12.) Lieutenant Mitchell investigated the matter and noted that his medications would be provided as soon as they arrived at the jail and that the issue had been resolved. (*Id.*) He noted, however, that Logue's eyeglasses had a broken arm hence they could not be returned to him. (*Id.*) Logue had to fill out a request for another pair. (*Id.*) Logue noted on the form that he wanted to appeal the issue, but he limited the appeal to the glasses issue. Underneath the line where he stated that he wanted to appeal, he noted "I had 2 pairs of glasses 1. Lg. Frame State issued, 1

wire framed reading glasses. I need former." (*Id.*) The Lieutenant, however, stated that there was "no appeal." (*Id.*) On the next grievance, 10-10-3373-1, Logue complained that after a move, a pill call nurse didn't have his medications that morning. (Doc. 24-1 at 13.) There, the responding officer noted that the medications were administered that evening. (*Id.*) While Logue initially appealed, he did not appeal to the unit manager for final review. (*Id.*)

Logue claims that Dr. Pearson denied him necessary medication, including antacid for acid reflux,[2] refused to authorize a visit to a specialist, and intentionally caused him pain during an unnecessary rectal examination. (Doc. 1 at 12-13.) He alleges that Nurse Baker refused him Malox and Pepto-Bismal when he suffered from severe nausea. (*Id.* at 6, 12.) Neither of the grievances concern Logue's claims against these defendants, and even if they did, those issues were not appealed to the unit manager.

Logue, in his response, contends that he filed many grievances which were not reported -- at least 12 in all. (Doc. 35.) He states that

---

[2] The jail's psychiatrist, Dr. Hall, was in charge of prescribing Logue's mental health prescriptions. (Doc. 1 (complaint) at 14; doc. 24-1 at 12.) Note that the Court uses Logue's complaint pagination rather than the CM/ECF screen page numbers.

6

the staff did not take his grievances seriously "and deliberately ignored his complaints and threw them away." (*Id.*) Logue, however, has not offered any sworn evidence on that score, much less any copies of these alleged grievances.

In accordance with *Turner*'s second step, the Court finds that Logue failed to exhaust his administrative remedies with regard to his claims against Doctor Pearson and Nurse Baker. Accordingly, his claims against them should be **DISMISSED**. His claims against Private Johnson, however, survive for the time being.

**SO REPORTED AND RECOMMENDED** this <u>16th</u> day of June, 2011.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA