UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| CLARENCE R. LOGUE, JR.,  )  <br>  )  <br>  Plaintiff,  )  <br>  )  <br> v.  )  <br>  )  <br> PRIVATE JOHNSON,  )  <br>  )  <br>  Defendants.  )  | Case No. CV410-240 |

## ORDER

Plaintiff has six motions pending before the Court in this 42 U.S.C. § 1983 prison conditions case (docs. 66, 67, 69, 72, 73, & 74), and defendant has filed a motion for a protective order. (Doc. 75.) The primary dispute relates to plaintiff's request for additional time to complete discovery. (Doc. 69 (motion for extension of time to complete discovery); doc. 72 (second motion -- same); doc. 75 (defendant's request for a protective order preventing any further discovery).)

While this is an aging case, it is still quite active. Logue filed suit in 2010, naming several defendants. (Doc. 1.) All were dismissed aside

from Private Johnson, who declined to return a waiver of service and was not served personally until July 21, 2011. (Doc. 45.) He promptly answered on July 25, 2011. (Doc. 46.) Thereafter, the Court granted his request for an extension of time to complete discovery, which permitted the parties until February 12, 2012 to complete it. (Doc. 63.) Logue has filed two motions seeking to extend discovery, but he hasn't explained why the extension is necessary. (Docs. 69 & 72.) Since he has been in the case for more than a year, he has had ample time to gather any surrounding evidence. The question, then, is why he couldn't finish discovery directed at Johnson.[1] Since that question remains unanswered, the Court has no basis for finding good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). Hence, Logue's motions for an extension of time to complete discovery (docs. 69 & 72) are **DENIED**. Since the discovery period has expired, Johnson's motion for a protective

---

[1] The discovery he explicitly references in his response to defendant's motion is targeted at medical records from entities other than Johnson. (Doc. 71.) He hasn't asked for a subpoena for those records, and the Court is not inclined to grant him one absent some detailed explanation as to why they are necessary to his case.

2

order relieving him from responding to Logue's untimely discovery requests (doc. 75) is **GRANTED**.[2]

Logue also moves to "excuse time delayed" due to medical problems. (Doc. 67.) He states that he was unable to litigate from November 8, 2011 until January 6, 2012 after being diagnosed with ulcerative colitis. (*Id.*) But he neither sought a stay nor cited to his illness as a reason for failing to complete discovery in a timely manner. And he would be hard pressed to do so, since Johnson has been in the case since *July* 2011. He also seeks leave "to continue in forma pauperis." (Doc. 66.) This motion is unnecessary. Both motions (docs. 66 & 67) are **DENIED** as moot.[3]

Finally, Logue has filed his fourth motion for appointment of counsel. (Doc. 73.) That motion is **DENIED** for the same reason as all of the others. (*See* docs. 10, 27, & 57.) While the Court understands that

---

[2] Relatedly, Logue has filed a request for admissions pursuant to Fed. R. Civ. P. 36. (Doc. 74.) Since it is a discovery request and discovery is not to be filed with the Court, the Clerk is **DIRECTED** to terminate that "motion."

[3] He cites to Eleventh Circuit Rules in both motions. (Docs. 66 & 67.) Perhaps the motions were meant to obtain an extension of time and to proceed in forma pauperis in his recently dismissed appeal. (Doc. 65.) Such motions should have filed with the court of appeals, but they are likely moot since the appeal was dismissed before the motions were filed.

his recent diagnosis has made his life more difficult, it is apparent that he can still present the merits of his case without substantial difficulty.

**SO ORDERED** this __26th__ day of March, 2012.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA