# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CLARENCE R. LOGUE, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV410-240 |
| PRIVATE JOHNSON, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Private Johnson is the only remaining defendant in this case, all others having previously been dismissed. (Doc. 12 (dismissing Al St. Lawrence, McArthur Holmes, John Welcher, Connie Miles, Prison Health Services, Nurse Baker, Corporal Gray, and Nurses Jane Doe 1 & 2); doc. 23 (dismissing amended allegations against Welcher, Miles, Nurse Adams, Connie Miles, and Corporal Gray); doc. 52 (dismissing claims against Dr. Person and Nurse Baker).) The only issue left for resolution is whether Johnson violated Logue's Eighth Amendment rights by confiscating his

eye glasses upon his transfer to the Chatham County Detention Center. (Doc. 1; doc. 9 (laying out claim).)

Johnson moves for summary judgment. (Doc. 77.) Logue has responded in opposition.[1] (Doc. 92.) The Court, however, need not address Johnson's motion, since upon further consideratiion it is clear that Logue failed even to state a claim for relief. [2] *See* 28 U.S.C.

---

[1] Logue initially responded on March 26, 2012. (Doc. 84.) Still within the response period, however, he moved to strike that response and statement of material facts and moved for an extension of time to file a new response. (Docs. 87 & 89.) Those motions are **GRANTED**. Accordingly, the Court **DENIES** Johnson's request to strike Logue's consolidated response as untimely. (Doc. 94.)

[2] Logue also requests additional discovery pursuant to Fed. R. Civ. P. 56(d), and he filed a motion for reconsideration of an order denying him an extension of time for discovery. (Doc. 92 (response and 56(d) request); doc. 91 (reconsideration motion).) Logue's motion for reconsideration (doc. 91) is **DENIED** for the same reasons explained in the initial order. (Doc. 88.) Logue has had more than a year to gather evidence supporting his case. Despite his diagnosis of ulcerative colitis, the Court is satisfied that he has had more than ample time to prepare.

Similarly, his request for 56(d) discovery (doc. 92) is **DENIED**. For the most part, he wants additional time to gather witness statements, obtain medical records (which would admittedly be relevant but in the end would not be very helpful), to and further probe certain responses Johnson gave to his first set of interrogatories. (*Id.*) While Rule 56(d) permits a nonmovant additional time to conduct discovery when "it cannot present facts essential to justify its opposition," the Court has the discretion to deny such a motion, even against a *pro se* imprisoned plaintiff, when it concludes that he was not diligent in pursuing discovery. *Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989); *see F.T.C. v. 1st Guar. Mortg. Corp.*, 2011 WL 1226213 at *2 (S.D. Fla. 2011) (same). Here, Logue has not been diligent. He had from April 2011 through February 2012 to complete discovery as to Johnson, yet failed to do so. He did not submit interrogatories to Johnson until January 17, 2012, during the extended discovery period. (Doc. 70 at 1.) And he could have sought his medical records at any time before or after filing his case in October 2010, but he did not do so until November 2011. (Doc. 92 at 16.)

1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if" it determines that the action "fails to state a claim on which relief may be granted"); 28 U.S.C. § 1915A (same, applied to all prisoner suits); 42 U.S.C. 1997e(c)(2) (same, applied to all prisoner conditions suits).

In order to state a claim, Logue was required lay out facts supporting all three elements of an Eighth Amendment medical deprivation claim.[3] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (establishing and explaining constitutional cause of action for Eighth Amendment medical deprivation claims). "First, a plaintiff must set forth evidence [that he had] an objectively serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting and citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Taylor v. Adams*, 221 F.3d 1254,

---

Logue also moves to compel discovery (doc. 90), and for appointment of counsel. (Doc. 86.) His fifth motion for appointment of counsel (doc. 86) is **DENIED** for the same reasons explained in the order denying his fourth motion. (Doc. 88 at 3-4.) His motion to compel asks the Court to order Johnson to respond to a second, untimely set of interrogatories. (Doc. 90.) That motion is also **DENIED**.

[3] The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. \_\_, 129 S. Ct. 1937, 1951 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se pleadings are still construed liberally after *Iqbal*).

1258 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). Second, "a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow*, 320 F.3d at 1243; *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). And finally, as is true in all tort actions, the plaintiff must also establish that the defendant's indifference proximately caused his injury. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).

Here, Logue's complaint alleges that Private Johnson confiscated and failed to return his state-issued prescription eyeglasses while transferring him from state prison to the Chatham County Detention Center.[4] (Doc. 1 at 5; doc. 1-1 at 3, 4, 6.) Logue never offers any facts

---

[4] Johnson also allegedly broke the arm off of a pair of reading glasses and refused to return them. (Doc. 1 at 5.) Logue never said he witnessed the break, or that it was malicious. He simply states that the glasses were fine when he gave them to Johnson and broken sometime thereafter. (Doc. 92 at 2.) In any event, "[t]he prescription eyeglasses are the genuine issue in this case, not the broken reading glasses." (Doc. 92 at 17 (Logue's out-of-time summary judgment response).)

Upon further review it is also conceivable that Logue meant to raise a claim for property loss divorced from Eighth Amendment medical deprivation standards. If so, the Court notes that a random and unauthorized departure from established regulations concerning personal property cannot state a claim for § 1983 relief if state law affords a meaningful post-deprivation remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *see also Parratt v. Taylor*, 451 U.S. 527, 539 (1981) (holding that the negligent loss of hobby kit by prison mail-room staff not actionable

4

suggesting that Johnson's failure to return the glasses rose above simple negligence. Nor did he plead any facts showing that the deprivation caused him harm. He was able to move around the jail apparently without incident (at least, no incidents are reported). Nor has he suggested that the deprivation caused his vision to further deteriorate. While he complained that he suffered from a headache on one day in October 2010, he never suggested that it was caused by the loss of his glasses (he was also living without certain mental health medications and was bleeding heavily from the rectum, likely as a result of ulcerative colitis).[5] (Doc. 1-1 at 2.)

The Court far too charitably construed this as a facially sufficient claim. (Doc. 9 at 14-15.) It is not. Even giving him the benefit of the

---

where adequate state remedy exists), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Tinney v. Shores*, 77 F.3d 378, 382 n.1 (11th Cir. 1996); *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (applying rule to seizure of property at time of arrest). Georgia law affords just such a remedy. O.C.G.A. § 51-10-1 (providing a cause of action in tort for the wrongful deprivation of personal property). Because Logue was free to pursue his post-deprivation remedy in state court, a § 1983 claim on that issue is without merit.

[5] Now he claims that he suffered headaches as a result of the missing glasses. (Doc. 92 at 9, 11.) He states sun sensitivity is a common side effect from colitis, and his glasses were tinted because of this. (*See* doc. 81 at 24-25 (Logue depo.).) The Court notes, however, that Logue had not yet been diagnosed with ulcerative colitis at the time he received the glasses in question. (Doc. 72 at 2 (diagnosed in November 2011).) And his eye doctors never diagnosed him with any light sensitivity, they just provided tinted lenses at his request. (Doc. 81 at 27, 37.)

5

doubt as to Johnson's mental state, Logue never once alleged that the deprivation caused him actual harm. *Compare Lavin v. Hulick*, 2010 WL 2137250 at *6 (S.D. Ill. May 27, 2010) (failure to state a claim for lack of eyeglasses where there was "no allegation that he suffered any physical harm due to his lack of glasses"), and *Richardson v. Cox*, 1992 WL 392616 at *3 (E.D. Pa. 1992) (bare allegation that eyeglasses were withheld is not enough to state a claim for relief), *with Kemppainen v. Aransas County Det. Ctr.*, 2009 WL 68769 at *4 (S.D. Tex. Jan. 8, 2009) (enough to allege eyestrain caused by lack of glasses); *Neal v. Bolton*, 2008 WL 5156685 at *18 (N.D. Fla. Dec. 9, 2008) (recognizing claim for deprivation of prescription eyeglasses where it caused plaintiff pain and possible deterioration of vision); *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1998) (enough to allege that loss of eyeglasses caused double vision, loss of depth perception, visual deficiencies that could cause the person to fall or walk into objects, along with statement that he had experienced such occurrences and been injured); *Wheeler v. Butler*, 85 F.3d 86, 88 (2nd Cir. 1996) (prisoner's alleged medical need for prescribed eyeglasses to avoid double vision and loss of depth perception that resulted from prior head injury was sufficiently serious to support his claim that prison officials'

deprivation of prisoner's glasses violated Eighth Amendment); and *Mitchell v. Maynard*, 80 F.3d 1433, 1439, 1443 (10th Cir. 1996) (removal of prescription eyeglasses from a prisoner, along with other deprivations, "could constitute a violation of his right to be free of cruel and unusual punishment[ ]"; his eyeglasses "were not returned to him for two months, during which time he suffered severe headaches due to his visual condition of presbyopia and the poor lighting in his cell."). Hence, the Court **VACATES** its prior Report and Recommendation (doc. 9) and now recommends that the case be **DISMISSED** under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim.

Even if his complaint states a claim for relief, Logue loses on summary judgment.[6] According to Fed. R. Civ. P. 56(a), the Court must grant Johnson's motion "if [he] shows that there is no genuine dispute as

---

[6] The Court notes that a *pro se* plaintiff's 28 U.S.C. § 1746-verified complaint is the equivalent of an affidavit and is considered competent evidence for summary judgment purposes where the complaint asserts non-conclusory allegations based on the plaintiff's personal knowledge. *Sammons v. Taylor*, 967 F.2d 1533, 1545 n. 5 (11th Cir. 1992); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986); *see Williams v. United States*, 314 F. App'x 253, 255-56 (11th Cir. 2009) ("In reviewing the district court's grant of summary judgment, we consider [plaintiff's] verified amended complaint, and the affidavits and other documentary evidence submitted by the parties, and view that evidence in the light most favorable to [plaintiff], the non-moving party."); *Murrell v. Bennett*, 615 F.2d 306, 310 n. 5 (5th Cir. 1980); *see also Hart v. Hairston*, 343 F.3d 762, 764 n.1, 765 (5th Cir. 2003); *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994 (8th Cir. 2001); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

to any material fact and [he] is entitled to judgment as a matter of law." *Id.* A genuine dispute as to a material fact can only be found "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotation omitted). The movant meets this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23; *see also* Fed. R. Civ. P. 56(c)(1). After the movant satisfies this requirement, the burden shifts to "the adverse party [who] must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation omitted). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment." *Id.* at 247-48 (emphasis in original). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). And "[a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).

Johnson offers several grounds for granting his motion, but the Court will proceed directly to the merits.[7] (Doc. 78 at 5-8.) There is a factual dispute as to whether Johnson took the glasses. Johnson says he did not (doc. 77 at 3 (Johnson aff.)); Logue says he did. (Doc. 92 at 19.) Accepting Logue's version of facts as to this point, defendant's summary judgment motion further required Logue to come forward with evidence showing deliberate indifference and causation. (Doc. 78 at 6-8.) Logue

---

[7] The Court rejects defendant's claim that Logue failed to exhaust his administrative remedies. (Doc. 78 at 2-4.) He plainly grieved the issue (doc. 77 at 12), and contrary to defendant's assertions (doc. 78 at 3), it is simply not important that he failed to complain specifically about Private Johnson's participation in the alleged deprivation. *Jones v. Bock*, 549 U.S. 199, 217-19 (2007) (rejecting view that grievance must name particular individual later sued; the purpose of exhaustion is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued).

has failed to carry that burden, as he has not offered *any* evidence suggesting that Johnson's actions amounted to more than negligence. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (deliberate indifference requires "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence"). At his deposition, Logue explained that Johnson took his glasses and simply never gave them back. (Doc. 81 at 30-31.) He did not see Johnson again after arrival at the jail to ask about the glasses. (*Id.* at 35; *id.* at 36 ("He [Johnson] never said one way or another about my glasses. He just took them, and then I never saw him anymore."); doc. 92 at 7 (stating only that Johnson was in control of his glasses; "I was in the holding cell and I could not see him going through my property").) Later, Logue requested the glasses via a grievance, and Lieutenant Mitchell indicated that only the reading glasses made it to the jail. (*Id.* at 32; doc. 77 at 12 (grievance).) Since the reading glasses had a broken arm, Logue wasn't permitted to keep them. (*Id.*) He eventually received a replacement pair of reading glasses. Logue failed to offer any evidence that Johnson acted with deliberate indifference to his serious medical needs.

Additionally, the record is devoid of medical evidence, or any other evidence for that matter, suggesting that the deprivation actually caused Logue harm. (Doc. 78 at 8; doc. 81 at 37 ("I was having headaches because of the sunlight, or whatever my problem is that I don't know about, undiagnosed reasons.").)

For the reasons explained above, Logue is not entitled to a trial in order to put up evidence that clearly fails to establish two essential elements of a § 1983 medical claim. His case, therefore, should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 11th day of July, 2012.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA